**In re Arthur L. PAQUETTE and Elizabeth J. Paquette, Debtors.**

**Arthur L. PAQUETTE and Elizabeth J. Paquette, Plaintiffs,**

v.

**PRODUCTION CREDIT ASSOCIATION OF FARIBAULT, Defendant.**

**Bankruptcy No. 3–83–1298.**

United States Bankruptcy Court, D. Minnesota, Third Division.

April 2, 1984.

William Kampf, St. Paul, Minn., for plaintiffs.

James R. Keating, Faribault, Minn., for defendant.

## ORDER

DENNIS O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the motion of Production Credit Association of Faribault ("PCA") for relief from the automatic stay of 11 U.S.C. § 362 to allow it to foreclose its security interest in the debtors' livestock, grain, and equipment. The debtors were represented by William I. Kampf. PCA was represented by James Keating.

Now, based upon the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

### I

The debtors filed a voluntary Chapter 11 bankruptcy petition on July 29, 1983 and immediately filed a complaint for the use of cash collateral pursuant to 11 U.S.C. § 363(c)(2). On August 3, 1983 the Court entered an order allowing the debtors the use of cash collateral on a limited basis and ordered the debtors to make certain month-ly payments to adequately protect PCA's interest.

On January 20, 1984 PCA filed a motion for relief from the automatic stay, alleging, inter alia, lack of adequate protection by the debtors' use of hay, silage, and corn, as well as the disappearance of certain livestock. The debtors admitted their use of PCA's collateral. The debtors offered, as adequate protection, monthly payments in the sum of $2,000.00 to be secured by assignment of one month's milk proceeds.

11 U.S.C. § 363(e) gives the Court the power to prohibit or condition the use of cash collateral as the Court finds it necessary to provide adequate protection of an interest. The Court finds that PCA's collateral position is being diminished and it is entitled to adequate protection of its interest. Section 361 describes various forms of adequate protection which include periodic cash payments and "such other relief ... as will result in the realization ... of the indubitable equivalent." PCA is entitled to protection beyond what the debtors have offered.

THEREFORE, IT IS ORDERED:

1. Debtors are to pay PCA $2,000.00 per month commencing immediately;

2. Debtors are to assign one month's milk proceeds to PCA to secure the monthly adequate protection payments of $2,000.00;

3. Debtors are to maintain milk production at a level of approximately $14,000.00 per month;

4. Debtors are to allow a full inspection and inventory of all remaining collateral;

5. Debtors are to file a complete appraisal of all assets within one week.

6. This matter is continued generally to the date of the hearing on the debtors' disclosure statement *provided* the aforedescribed conditions are met.